## In re U.S. OFFICE PRODUCTS CO. SECURITIES LITIGATION

### No. 99–MS–137 (RMU). MDL. No. 1271.

United States District Court, District of Columbia.

Nov. 21, 2002.

Herbert E. Milstein, Esq., Daniel S. Sommers, Esq., Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, DC, for Plaintiff Ray Kostkowski.

David Patrick Donovan, Esq., Wilmer, Cutler & Pickering, Washington, DC, for Class Defendant United States Office Products Company.

Richard E. Castiglioni, Esq., James P. Blanchfield, Esq., DiSerio Martin O'Connor & Castiglioni, LLP, Stamford, CT, for the 8 Plaintiffs in Meehan v. Claypoole.

1. This order shall be posted on the court's website at http://www.dcd.uscourts.gov/district-court.html.

2. The docketed pending motions are document numbers 47, 50, 52 (pertaining to the

James L. Quarles, III, Esq., Hale & Dorr, LLP, Washington, Counsel for the Defendants in Arturi v. Aztec Technology Partners Inc. and Meehan v. Claypoole.

### ORDER[1]

REOPENING THE CASE; SETTING A STATUS CONFERENCE; SETTING A BRIEFING SCHEDULE; PROVIDING ADMINISTRATIVE DIRECTIVES; ORDERING STATUS REPORTS

URBINA, District Judge.

It is this 20th day of November, 2002,

ORDERED that the above-captioned case is hereby restored to active status; and it is

FURTHER ORDERED that an interim status conference is set for March 6, 2003 at 9:45 a.m.; and it is

ORDERED that oppositions to the motions to dismiss the *Vogel* plaintiffs' complaint (99cv57) [Doc. Nos. 47, 50, 52] are due by January 17, 2003 and replies are due by February 14, 2003; and it is

FURTHER ORDERED that by December 9, 2002 the parties file with court the following documents, which are not yet part of the court's record for this case:

(1) the *Arturi, Meehan, Vogel, Nelson,* and *Dulworth* plaintiffs' complaints;

(2) the renewed motions to dismiss the amended class action complaint [Doc. No. 61]; and

(3) the existing oppositions and replies to the pending motions to dismiss;[2] and it is

ORDERED that unless any party objects within seven days of the filing of this

*Vogel* plaintiffs); 44, 62, 63 (pertaining to the *Meehan* plaintiffs); and 39, 41 (pertaining to the *Arturi* plaintiffs). The parties shall inform the court if additional motions are pending or if any of these pending motions are resolved.

order, the firm of DiSerio Martin O'Connor & Castiglioni, liaison counsel on behalf of the *Arturi* and *Meehan* plaintiffs, shall also serve as liaison counsel for the *Vogel, Nelson, Dulworth,* and *Krim* plaintiffs; and it is

**FURTHER ORDERED** that unless any party objects within seven days of the filing of this order, the firm of Hale & Dorr, liaison counsel on behalf of the *Arturi* and *Meehan* defendants, shall also serve as liaison counsel for the *Vogel, Nelson,* and *Dulworth* defendants; and it is

**ORDERED** that by December 9, 2002 the parties file a joint status report addressing the following:

(1) what defendants are currently involved in bankruptcy proceedings, the status of those proceedings, what impact those proceedings have on the claims in this consolidated action, and whether any claims in this court should be barred or stayed;

(2) whether the *Arturi* plaintiffs' claims are insured litigation claims, and if not, whether any of their claims in this action must be dismissed, as argued on page two of the defendants' response to the motion to restore the case to active status;

(3) whether the court should rule on the pending motions in a particular order and, if so, why that order would increase efficiency or enable further settlement efforts;

(4) whether any of the motions to dismiss should be consolidated;

(5) whether the parties are willing to stipulate to any of the matters at issue in the motions to dismiss; and

(6) whether the legal analysis in any of the pending motions requires updating; and it is

**FURTHER ORDERED** that by February 27, 2002 the parties file, with an electronic courtesy copy to chambers, a joint status report listing the counsel who will attend the status conference and any pending motions. The report shall also discuss any change in the pending bankruptcy proceedings, settlement possibilities, and any other relevant matters.

**SO ORDERED.**